IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRISTOPHER COLEMAN, #2029300, <br><br>    Plaintiff, <br><br> v. <br><br> CHRISTOPHER A. HOLMAN, <br><br>    Defendant. | § § § § § § § § § § § § § § § <br><br> Case No. 6:21-cv-403-JDK-JDL |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Christopher Coleman, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Before the Court is Defendant Christopher Holman's motion for summary judgment on the issue of exhaustion of administrative remedies. Docket No. 11.

On February 6, 2023, Judge Love issued a Report and Recommendation recommending that the Court deny Defendant's motion without prejudice, subject to reconsideration. Docket No. 24. Defendant filed objections. Docket No. 25.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Defendant rehashes much of the same argument raised in his summary judgment briefing, but presents no new summary judgment evidence to help resolve the genuine issue of material fact found by the Magistrate Judge. The Magistrate Judge specifically pointed out that Defendant failed to prove when Plaintiff received the Step 1 grievance response and at what unit Plaintiff was housed when the response was returned to him. Docket No. 24 at 7. Plaintiff asserted that he was at the Beto Unit when he filed his Step 2 grievance, and that Grievance Investigator Harris intercepted his grievance and effectively prevented him from exhausting his administrative remedies. Docket No. 19; *see Ross v. Blake*, 578 U.S.632, 644 (2016) (holding that a remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."). As prison officials "must establish beyond peradventure all of the essential elements of the defense of exhaustion," Defendant bears the burden of proof and persuasion on this issue. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Because of the disputed fact question, Defendant has failed to meet it.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Defendant's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket

No. 24) as the opinion of the District Court. The Court **DENIES** Defendant Holman's summary judgment motion (Docket No. 11) without prejudice to reconsideration based on additional evidence. Plaintiff's excessive use of force claim shall proceed on the docket.

So **ORDERED** and **SIGNED** this **8th** day of **March, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE