IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COLEMAN, #02029300 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv403 |
| CHRISTOPHER A. HOLMAN | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Coleman, a prisoner currently confined at the Estelle Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Sergeant Christopher A. Holman. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns Defendant Holman's motion for summary judgment (Dkt. #37). Plaintiff filed a response in opposition (Dkt. #38). The complaint stems from a use of force that occurred at the Beto Unit on X-wing on May 2, 2020.

Plaintiff's Factual Allegations

Plaintiff filed the present lawsuit on October 8, 2021.[1] Plaintiff's live pleading is his Original Complaint. (Dkt. #1). Plaintiff is bringing an Eighth Amendment excessive use of force claim against Defendant Holman. Defendant Holman is sued in his individual capacity only.

---

[1] The Court received Plaintiff's original complaint on October 14, 2021. (Dkt. #1). Plaintiff's original complaint is dated October 8, 2021, indicating that he delivered his complaint to prison officials on October 8, 2021. A *pro se* prisoner's complaint is deemed to be filed on the date that the prisoner submits the pleading to prison

1

Plaintiff states that Defendant Holman escorted him to X-wing on the Beto Unit on May 2, 2020. He contends that while he was in hand restraints, the defendant assaulted him by grabbing him by the neck, choking him, and kneeing his leg, breaking his femur. Plaintiff seeks compensatory and punitive damages

## Defendant's Motion for Summary Judgment

Defendant Holman filed a motion for summary judgment (Dkt. #37) on June 7, 2023. He argues that the facts do not support a meritorious claim of excessive use of force. He further argues that he is entitled to summary judgment based on qualified immunity. In support of his motion, he attached a copy of the relevant use of force report, with a business records affidavit, and the Office of the Inspector General's investigation, Administrative Case 2000005365, regarding the use of force incident occurring on May 2, 2020, involving Inmate Christopher Coleman, TDCJ #02029300, and Captain Christopher A. Holman, with a business records affidavit. The use of force video and the use of force photos from the incident are not attached to the records provided. Defendant Holman's arguments will be fully examined in the Discussion and Analysis section of this Report and Recommendation.

## Plaintiff's Response

Plaintiff submitted a response in opposition to the motion for summary judgment (Dkt. #38) on June 21, 2023. He disputes the argument that Defendant Holman is entitled to qualified

---

authorities to be mailed. *Houston v. Lack*, 487 U.S. 266, 273 (1988); *see also Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998) (per curiam) (holding that a *pro se* prisoner's § 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system).

immunity. His arguments will be fully examined in the Discussion and Analysis section of this Report and Recommendation.

<u>Standard of Review</u>

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party for summary judgment has the burden of proving the lack of a genuine dispute as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1221–23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247–48.

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Util., Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the

3

record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant must present evidence sufficient to support a resolution of the factual disputes in his favor. *Anderson*, 477 U.S. at 257. The non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 589–90 (5th Cir. 2004); *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). All reasonable inferences are drawn in favor of the non-moving party, but the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011); *Chacon v. York*, 434 F. App'x 330, 332 (5th Cir. 2011).

"Because summary judgment is a final adjudication on the merits, courts must employ this device cautiously." *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991) (citation omitted). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980).

<u>Discussion and Analysis</u>

Plaintiff alleges that he was the victim of excessive use of force. The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An excessive use of force claim has both subjective and objective components. *Id.* at 8. In other words, there is the

4

issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* A claimant must allege and prove there was an "unnecessary and wanton infliction of pain." *Id.* at 5.

In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. (internal quotation and citation omitted). The absence of a serious injury is relevant to but not dispositive of the excessive force claim. *Id.*

On remand in *Hudson*, the Fifth Circuit concluded that the following factors are relevant in the inquiry whether there was an excessive use of force: "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992); *see also Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998). The Fifth Circuit has repeatedly emphasized that an inmate must have suffered more than a *de minimis* physical injury. *See, e.g., Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). On the other hand, "there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Id.*

A. The *Hudson* factors

The parties addressed the five *Hudson* factors. Defendant Holman discussed Plaintiff's injuries. He acknowledges that Plaintiff sustained a serious injury—a fractured femur that required surgery to repair. Plaintiff's injury, which was more than minor, satisfies the first factor in the *Hudson* analysis in Plaintiff's favor.

5

Holman next discusses the need for the application of force. He begins with an incident involving two other officers in F-wing. Plaintiff allegedly exited his cell in F-wing and refused to walk or be escorted to the F-wing showers. He demanded a supervisor, and then attempted to spit at an officer while waiting for a supervisor. Defendant Coleman was not present for any of this interaction between Plaintiff and the other two officers and the use of force did not occur on F-wing. The incident on F-wing is not a justification for the use of force that occurred outside of X-wing, and as such is not considered part of the analysis.

At some point Plaintiff was placed in handcuffs behind his back. Defendant Holman escorted Plaintiff from F-wing. Holman asserts that he was escorting Plaintiff to X-wing to place him in pre-hearing detention because of Plaintiff's attempt to spit at one of the officers on F-wing. Holman states that Plaintiff was compliant until he reached the North Hallway gate area. At that point, Plaintiff became disruptive, noncompliant, and aggressive with staff. Plaintiff was ordered to calm down. Defendant Holman contends that Plaintiff refused all orders to comply and attempted to pull away from him and Sergeant Osas Osunde. He alleges that he and Sgt. Osunde used the minimum amount of force necessary to regain control over Plaintiff by placing him on the ground.

In contrast, Plaintiff contends that he was placed in handcuffs and escorted to X-wing by Defendant Holman. He asked Defendant Holman why he was being moved to X-wing. Defendant Holman told him to shut up and then slammed Plaintiff into the wall. Plaintiff protested and said that he didn't do anything to be moved to X-wing or slammed into the wall. He asserts that Defendant Holman then grabbed him by the neck, choked him, and then kneed him several times

in his thigh or femur, breaking his femur. When Plaintiff was taken to the floor, Defendant Holman continued to assault him while he was on the ground.

There are disputed issues of material fact as to what transpired outside X-wing leading up to the use of force, what caused the need for the use of force, and how the use of force occurred. Plaintiff's Original Complaint is competent summary judgment that is in conflict with the evidence presented by Defendant Holman. Facts sworn to under penalty of perjury pursuant to 28 U.S.C. § 1746 have been recognized as competent summary judgment evidence. *See Hart v. Hairston*, 343 F.3d 762 n.1 (5th Cir. 2003); *see Grogan v. Kumar*, 873 F.3d 273, 279 (5th Cir. 2017) (holding that declarations and verified pleadings of a *pro se* prisoner that are dated and made on penalty of perjury constitute adequate summary judgment evidence); *Hewitt v. Bradford*, 2016 WL 3254056 (5th Cir. 2016) (same); *see also Cantwell v. Sterling*, 788 F.3d 507, 509, n.1 (5th Cir. 2015) ("The ordinary rules of civil procedure are applicable in prisoner suits. Cantwell offered his testimony under penalty of perjury and declared it to be true and correct, so it must be credited on summary judgment."). The parties' factual dispute is material because its resolution "might affect the outcome of this case." *Roy v. City of Monroe*, 950 F.3d 245, 254 (5th Cir. 2020).

Summary judgment disposition is inappropriate if the evidence, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). It is not the function of the trial judge, in ruling on a motion for summary judgment, to weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. *Id,*, citing *Anderson*, 477 U.S. at 250.

The third *Hudson* factor is the relationship between the need and the amount of force used. Defendant argues that the amount of force used was proportionate to the need and the minimum

amount used. As noted above, there is a dispute of material fact which cannot be resolved on the evidence presented. The Court "may not make credibility determinations or weigh the evidence" in ruling on a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000).

The fourth *Hudson* factor concerns the threat reasonably perceived by the responsible officials. Both parties concede that Plaintiff was handcuffed and being escorted by at least one experienced prison official. Defendant Holman did not put forth any summary judgment evidence stating he actually perceived Plaintiff was a threat considering that Plaintiff was handcuffed behind his back. Usually, an affidavit from the involved officer is sufficient to explain the threat perceived. No affidavit is attached to Defendant's summary judgment evidence.

The final *Hudson* factor concerns efforts made to temper the severity of a forceful response. Defendant Holman asserts that he told Plaintiff to calm down. Plaintiff asserts that he was told to shut up and slammed into the wall. He then contends that he grabbed by the neck, choked, kneed several times in the upper leg—breaking his femur—and taken to the concrete floor. Based on the evidence presented, there is a dispute of material facts regarding the efforts made to temper the severity of the forceful response.

Having considered all five *Hudson* factors, the Court concludes that Defendant Holman has not shown that he is entitled to summary judgment on the excessive use of force claim. At a minimum, Plaintiff should be permitted to proceed with his excessive use of force claim against Defendant Holman.

B. Qualified Immunity

Qualified immunity protects government officials from liability for monetary damages in their individual capacities insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Thompson v. Mercer*, 762 F.3d 433, 436-37 (5th Cir. 2014). Claims of qualified immunity require a two-step analysis, which may be done in either order: first, the court determines whether a constitutional right would have been violated on the facts alleged, and second, whether the right was clearly established at the time of the alleged violation. *Kitchen v. Dallas Cnty.*, 759 F.3d 468, 476 (5th Cir. 2014).

The Fifth Circuit has held that "the determination of objective reasonableness must be based on a version of the facts most favorable to the plaintiff." *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 438 (5th Cir. 1993). When viewed in this light, the disputed issues of material fact preclude the granting of summary judgment based on the issue of qualified immunity. *Lytle v. Bexar Cnty., Texas*, 560 F.3d 404, 409 (5th Cir. 2009) (stating that "a defendant challenging the denial of a motion for summary judgment based on qualified immunity must be prepared to concede the best view of the facts to the plaintiff and discuss only the legal issues raised by the appeal.").

In order to rebut a defendant's qualified immunity defense in the context of an excessive use of force claim, a plaintiff must establish that (1) the official's allegedly wrongful conduct was the use of excessive force in violation of the Eighth Amendment and (2) genuine issues of material fact exist regarding the reasonableness of the official's conduct. *Mosley v. White*, 464 F. App'x 206, 211 (5th Cir. 2010).

Because Plaintiff's "excessive force claim turns on which of two conflicting stories best captures what happened," summary judgment is precluded. *Cole v. Carson*, 935 F.3d 444, 455 (5th

Cir. 2019); *see also Patterson v. Allen*, No. 3:12-CV-14, 2013 WL 4875092, at *3 (S.D. Tex. Sept. 11, 2013) (Costa, J.) (denying summary judgment and noting that if a jury found credible the officers' story that "no punch occurred," there would be no liability, but if the jury accepted the plaintiff's story, the "punch would support a verdict in his favor"); *Ramos v. Lucio*, No. 08-122, 2009 WL 700635, at *4 (S.D. Tex. Mar. 17, 2009) ("Summary judgment on the basis of qualified immunity [is] precluded by conflicting factual accounts of the circumstances surrounding the incident in question."). In the present case, genuine issues of material fact exist concerning whether Defendant Holman violated Plaintiff's constitutional rights and the reasonableness of his individual's conduct.

C. Conclusion

When viewed in the light most favorable to the Plaintiff, the disputed facts before the Court preclude the entry of summary judgment. *See Flores v. Boecker*, 531 F. App'x 472 (5th Cir., June 20, 2013) (conflicting evidence concerning a guard's intent to injure a prisoner precluded the entry of summary judgment); *Smith v. Martinez*, 510 F. App'x 322 (5th Cir., Jan. 31, 2013) (Fifth Circuit lacked jurisdiction over appeal from denial of qualified immunity where the defendant's arguments were directed to the truth of the prisoner's factual allegations rather than to whether the facts, taken as true, could legally support an inference of deliberate indifference).

Recommendation

It is therefore recommended that Defendant Holman's motion for summary judgment (Dkt. #37) be denied. It is further recommended that the use of force claim against Defendant Holman be allowed to proceed.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 29th day of February, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE