IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRISTOPHER COLEMAN, #2029300, <br><br>Plaintiff, <br><br>v. <br><br>CHRISTOPHER A. HOLMAN, <br><br>Defendant. | § § § § § § § § § § § § § § Case No. 6:21-cv-403-JDK-JDL |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Coleman, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court is Defendant Christopher A. Holman's motion for summary judgment. Docket No. 37. On February 29, 2024, Judge Love issued a Report and Recommendation recommending that the Court deny Defendant's summary judgment motion due to issues of material fact. Docket No. 40. Defendant filed objections to the Report. Docket No. 41.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Defendant complains that the Report failed to adequately consider Defendant's unsworn employee participant statement concerning the threat Defendant perceived from Plaintiff when analyzing the fourth *Hudson* factor. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). But unsworn affidavits are insufficient to raise a genuine issue of material fact, *Ion v. Chevron USA, Inc.,* 731 F.3d 379, 382 n.2 (5th Cir. 2013), unless the affidavit complies with 28 U.S.C. § 1746 (an "unsworn declaration . . . in writing of [a] person, which is subscribed by him, as true under penalty of perjury and dated" may substitute for a sworn declaration.). *See also Stewart v. Guzman*, 555 F. App'x 425, 431–32 (5th Cir. 2014). Defendant's unsworn employee participant statement was not sworn to before a notary public and failed to comply with 28 U.S.C. § 1746; thus, the Magistrate Judge properly disregarded the participant statement as deficient.

To the extent that Defendant asserts that the unsworn participant statement, included in a TDCJ Use of Force report, is admissible as a business record, the Court disagrees. While the report itself may be admissible as a public or business record based on the accompanying affidavit, the employee's statement within the report is hearsay within hearsay. *Bourne v. Gunnels*, 655 F. Supp. 3d 571, 581 (S.D. Tex. 2023). And Defendant has not shown that the employee participant statement within the report is admissible. *Id.* (citing *United States v.*

2

*Dotson*, 821 F.2d 1034, 1035 (5th Cir. 1987)). Further, the business records affidavit supporting the TDCJ report does not verify that the statements in the employee participant statement are true and correct or overcome the fact that the individual employee participant statement is not admissible.

Further, even if Defendant's statement in the employee participant statement were admissible summary judgment evidence, genuine issues of material fact remain. Plaintiff's sworn statements pursuant to § 1746 contradict Defendant's version of the events prior to the use of force. Plaintiff claims Defendant was escorting him with his hands handcuffed behind his back. Docket No. 1 at 4. He asked why he was being moved to X-wing. *Id.* Defendant Holman allegedly told him to shut up and then slammed Plaintiff into the wall. *Id.* Plaintiff protested and said that he did not do anything to be moved to X-wing or slammed into the wall. *Id.* He asserts that Defendant then grabbed him by the neck, choked him, and then kneed him several times in his thigh or femur, breaking his femur. *Id.* When Plaintiff was taken to the floor, Defendant continued to assault him while he was on the ground. *Id.*

Because Plaintiff's complaint is dated and signed under penalty of perjury, it is admissible summary judgment evidence under § 1746. *See, e.g.*, *Adams v. Davis*, 2022 WL 263287, at *3 (E.D. Tex. Jan. 6, 2022) (citing *Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003); *Hewitt v. Bradford*, 652 F. App'x 256, 258 (5th Cir. 2016); *Grogan v. Kumar*, 873 F.3d 273, 279 (5th Cir. 2017); *Cantwell v. Sterling*, 788 F.3d 507, 509 n.1 (5th Cir. 2015)). And based on the conflicting statements, there are

disputed issues of material fact as to what transpired outside X-wing in May 2020. *See Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.,* 482 F.3d 408, 411 (5th Cir. 2007); *Fordoche, Inc. v. Texaco, Inc.,* 463 F.3d 388, 392 (5th Cir. 2006) ("[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party.").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Defendant's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 40) as the opinion of the District Court and **DENIES** Defendant Holman's summary judgment motion (Docket No. 37).

So **ORDERED** and **SIGNED** this **25th** day of **March, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE